IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 16-15612 |
| | ) | |
| MICHAEL KOZLOWSKI, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |
| | ) | |

## CERTIFICATE OF NOTICE

I, Christina Smith, declare under the penalty of perjury that I have sent the attached NOTICE OF TRUSTEE'S FINAL REPORT AND APPLICATIONS FOR COMPENSATION AND DEADLINE TO OBJECT (NFR) to the parties listed in the manner shown and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

_____
Christina Smith

SWORN TO AND SUBSCRIBED TO
Before me this 10th day of August, 2017.

_____
NOTARY PUBLIC

OFFICIAL SEAL
MICHAEL H. MATLOCK
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 08-22-2017

# Mailing Information for Case 16-15612

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Mehul D Desai    mdesai@swansondesai.com, sanddcourtnotice@gmail.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Todd J Ruchman    amps@manleydeas.com
- Miriam R Stein    mstein@chuhak.com, dgeorge@chuhak.com;mstein@ecf.epiqsystems.com;IL82@ecfcbis.com;vjefferson@chuhak.com

{STEIN/GENERAL/00051068.DOCX/}

- Kenneth C Swanson    kc@chicagobankruptcyattorney.com, kc_swanson@hotmail.com;sanddcourtnotice@gmail.com
- Zane L Zielinski    trustee@zanezielinski.com, fax@zanezielinski.com

## Manual Notice List – U.S. MAIL

Internal Revenue Service
PO Box 7346
Philadelphia, PA  19101-7346

Franchise Tax Board
Bankruptcy Section MS A340
PO Box 2952
Sacramento, CA  95812-2952

Capital One Bank (USA) N.A.
c/o American InfoSource LP
PO Box 71083
Charlotte, NC  28272-1083

Michael Kozlowski
2959 N Luna Ave 2nd floor
Chicago, IL 60641

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| MICHAEL KOZLOWSKI | § § § | Case No. 16-15612 |
| Debtor | § | |

## NOTICE OF TRUSTEE'S FINAL REPORT AND APPLICATIONS FOR COMPENSATION AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that Miriam R. Stein, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

219 S. Dearborn Street
Chicago, IL  60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 9:30 AM on 09/14/2017 in Courtroom 680 (Judge Jacqueline P. Cox),

Dirksen United States Courthouse
219 S. Dearborn Street
Chicago, IL 60604

If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: 08/10/2017          By: /s/ Miriam R. Stein
                                        Chapter 7 Trustee

*Miriam R. Stein*
*30 South Wacker Drive*
*Suite 2600*
*Chicago, IL  60606*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| MICHAEL KOZLOWSKI | § § § | Case No. 16-15612 |
| Debtor | § | |

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

| | | |
|---|---|---:|
| The Final Report shows receipts of | $ | 355,000.00 |
| and approved disbursements of | $ | 341,498.21 |
| leaving a balance on hand of[1] | $ | 13,501.79 |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| | BANK OF AMERICA | $ 310,569.63 | $ 310,569.63 | $ 310,569.63 | $ 0.00 |

| | |
|---|---:|
| Total to be paid to secured creditors | $ 0.00 |
| Remaining Balance | $ 13,501.79 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Miriam R. Stein | $ 11,500.00 | $ 0.00 | $ 11,500.00 |
| Attorney for Trustee Fees: Zane L. Zielinski | $ 5,300.00 | $ 5,300.00 | $ 0.00 |
| Attorney for Trustee Expenses: Zane L. Zielinski | $ 300.15 | $ 300.15 | $ 0.00 |
| Accountant for Trustee Fees: Alan D. Lasko & Associates P. C. | $ 1,746.70 | $ 0.00 | $ 1,746.70 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010) *(Page: 2)*

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Accountant for Trustee Expenses: Alan D. Lasko & Associates P. C. | $ 33.80 | $ 0.00 | $ 33.80 |
| Other: Berkshire Hathaway HomeServices Real Estate | $ 11,500.00 | $ 11,500.00 | $ 0.00 |
| Other: COLDWELL BANKER | $ 8,500.00 | $ 8,500.00 | $ 0.00 |

  Total to be paid for chapter 7 administrative expenses    $ 13,280.50

  Remaining Balance    $ 221.29

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 25,325.05 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | INTERNAL REVENUE SERVICE | $ 21,938.15 | $ 0.00 | $ 191.70 |
| 3 | FRANCHISE TAX BOARD | $ 3,386.90 | $ 0.00 | $ 29.59 |

  Total to be paid to priority creditors    $ 221.29

  Remaining Balance    $ 0.00

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 88,329.47 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 1A | INTERNAL REVENUE SERVICE | $ 87,710.95 | $ 0.00 | $ 0.00 |
| 2 | CAPITAL ONE BANK (USA), N.A. | $ 618.52 | $ 0.00 | $ 0.00 |

Total to be paid to timely general unsecured creditors   $  0.00

Remaining Balance   $  0.00

Tardily filed claims of general (unsecured) creditors totaling $ 846.73 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 3A | FRANCHISE TAX BOARD | $ 846.73 | $ 0.00 | $ 0.00 |

Total to be paid to tardy general unsecured creditors   $  0.00

Remaining Balance   $  0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By: /s/ Miriam R. Stein
Chapter 7 Trustee

Miriam R. Stein
30 South Wacker Drive
Suite 2600
Chicago, IL  60606

UST Form 101-7-NFR (10/1/2010) *(Page: 4)*

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.